■ 3301-3303 HEMPSTEAD TURNPIKE BEAUTY SALON, INC., Doing Business as THE LEMON TREE, et al., Appellants, v ANGELA ORESTI SALONS, LTD., Respon-

dent. — In an action, *inter alia,* for a judgment declaring that certain franchise agreements and a lease have been terminated, plaintiffs appeal from so much of a judgment of the Supreme Court, Nassau County (McGinity, J.), dated November 4, 1982, as, after a nonjury trial, dismissed that portion of the complaint which sought a judgment declaring that the franchise agreements had been terminated. Judgment modified, on the law and the facts, by deleting so much of the first decretal paragraph thereof as dismissed that portion of the complaint as seeks termination of the franchise agreements and it is declared that the franchise agreements and the lease have been terminated. As so modified, judgment affirmed, insofar as appealed from, with costs to plaintiffs. As we construe the parties' franchise agreements, we find that the parties intended that the defendant franchisee would maintain its business in the same manner and according to the same standards as the over 40 other franchises maintained by plaintiffs, including the requirement that the franchises be kept open for business for regular and lengthy hours. Though it is true that the agreements provided that these hours should be reasonably determined, we do not think, as did the trial court, that the test of reasonableness ceases with an examination of the franchisee's view of the neighborhood surrounding its establishment. Of great importance is the fact that these lengthy hours were not established after this defendant became a franchisee, but were instead maintained for some eight or nine years preceding its take-over of the subject beauty salons, were maintained by defendant's predecessor, and were in fact continued by the defendant for more than a year before it began, unilaterally, maintaining much shorter hours than it was required to do. Of further significance is the fact that though the defendant contends that none of the stores in the shopping center in which it is located remained open after six o'clock in the evening and that this made it both dangerous and unprofitable for it to remain open, defendant has neither asserted nor adduced any proof that the hours kept by these neighboring stores had decreased or changed at any time following defendant's take-over of the franchise so that we might conclude that the situation was different for its predecessor and during the year or so prior to defendant's breach of the agreements. Significantly, the uncontradicted testimony of Mrs. Joan Cable, the individual franchisor, was that the plaintiffs' business was built upon the maintenance of certain hours and that it was their unique concept of remaining open at unusual hours, which favored busy and working people, which made their businesses so profitable. Clearly, the hours in question were contemplated by both parties when they executed both franchise agreements, and, despite the language of such agreements, they may not be held unreasonable at this juncture. Defendant was advised of its breach of this provision of the franchise agreements, and was given 30 days within which to cure such breach as was required by the franchise agreements. Defendant nevertheless did not change its operating schedule. Accordingly, we find, for this reason alone, plaintiffs were justified in terminating the franchise agreements and we now declare that such agreements have been terminated. The defendant's lease was conditioned upon the franchise agreements remaining in force. A fortiori, the lease has also been terminated. In addition, defendant was obligated by the franchise agreements to make certain payments to the plaintiffs, for which it was conceded defendant was in arrears. Plaintiffs retained an attorney to aid them in the collection of these payments. The franchise agreements obligated defendant to pay a reasonable attorney's fee in such event. There came a point in time when plaintiffs served notice upon the defendant that it had 30 days to pay the arrears, and to pay, as well, a counsel fee, in accordance with the franchise agreements. Defendant was instructed that if these payments were not made, the plaintiffs would consider the agreements terminated on the 31st day after

defendant's receipt of such notice, as was their right. Though defendant made a tender of payment of all or part of its arrears (the evidence is equivocal on this point), it is agreed by defendant and plaintiffs that no tender of the demanded counsel fee was made. For this reason, as well as for the failure of the defendant to maintain proper store hours, plaintiffs rejected tender of payment and deemed the agreements to be terminated. We think that the failure of the defendant to tender the counsel fee stands as another ground upon which the franchise agreements may be terminated and we hold that plaintiffs' actions in this regard were justified. Of great significance in this respect is the fact that defendant has at no time claimed that the amount of the counsel fee was unreasonable. We, therefore, declare that the franchise agreements and the lease have been terminated for this reason as well. Damiani, J. P., Thompson, Bracken and Rubin, JJ., concur.